## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT SPELTZ,
              Appellant,

        v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
SF-0752-22-0472-I-1

DATE: May 14, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Philip A. Gonzales, Reno, Nevada, for the appellant.

Douglas W. Hales, and Nancy Anderson Sinclair, Herlong, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's removal, finding that the agency failed to prove its charge of Excessive Absence. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

case to the Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a WG-6910-07 Materials Expediter at the agency's Sierra Army Depot in Herlong, California. Initial Appeal File (IAF), Tab 27 at 4. The agency removed the appellant from his position effective February 26, 2021, based on a charge of Excessive Absence for the appellant's absences from October 5 to November 2, 2020. IAF, Tab 7 at 46-64, 72. The appellant timely filed an appeal with the Board, IAF, Tab 1, and requested a hearing, *id.* at 2.

On appeal, the appellant alleged that the agency discriminated against him on the basis of his disability when it removed him. *Id.* at 5. In its response, the agency asserted that its removal decision was warranted and not the result of any prohibited basis, and further indicated that the "[a]ppellant was an employee in the competitive service as defined by 5 U.S.C. § 7511 at all times relevant to his appeal." IAF, Tab 7 at 7, 9. After implicitly finding that the Board had jurisdiction over the appeal under chapter 75 and holding a hearing, the administrative judge reversed the removal, finding that the agency did not prove its Excessive Absence charge. IAF, Tab 29, Hearing Recording (HR), Tab 35, Initial Decision (ID) at 1, 12-20, 26.

The agency has filed a petition for review of the initial decision. PFR File, Tab 1. The appellant has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency asserts, for the first time on review, that the Board should dismiss this appeal for lack of jurisdiction. PFR File, Tab 1 at 11. Specifically, the agency contends that the Board lacks jurisdiction over the appellant's appeal because he is not an "employee" as defined by chapter 75. *Id.* at 9-11. Generally, the Board will not consider a new argument on review absent a

showing that it is based on new and material evidence that was not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). However, we consider the agency's new argument because it implicates the Board's jurisdiction, and the issue of jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during Board proceedings. *Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

<u>We remand the appeal for a determination of whether the Board has chapter 75 jurisdiction over the appellant's removal appeal.</u>

The Board's jurisdiction is not plenary, and it is limited to matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Whether an individual in the competitive service has the right to appeal an adverse action depends on whether he is an "employee" under 5 U.S.C. § 7511(a)(1)(A). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).

Under 5 U.S.C. § 7511(a)(1)(A), an employee is an individual in the competitive service (i) who is not serving a probationary or trial period under an initial appointment, or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. However, at the time of the appellant's appointment to the Materials Expeditor position, individuals appointed to a competitive-service position at the Department of Defense were subject to a 2-year probationary period and only qualified as an "employee" with chapter 75 appeal rights if they completed 2 years of current continuous service.[2] 5 U.S.C. § 7511(a)(1)(A)(ii); 10 U.S.C.

---

[2] Congress enacted the National Defense Authorization Act for Fiscal Year 2016 (2016 NDAA) on November 25, 2015, Pub. L. No. 114-92, 129 Stat. 726. The 2016 NDAA extended the probationary period for an individual appointed to a permanent competitive-service position at the Department of Defense to a 2-year probationary period and provided that such individual only qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) if he has completed 2 years of current continuous service. Pub. L. No. 114-92, § 1105, 129 Stat. 726, 1023-24 (codified as relevant here at 10 U.S.C. § 1599e and 5 U.S.C. § 7511(a)(1)(A)(ii)). The National Defense Authorization

§ 1599e(a), (b)(1)(A), (d) (repealed 2022); *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8 & n.2.

A Department of Defense employee who has not served his full 2-year appointment can show that he has completed the probationary period by tacking on prior service if: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); 5 C.F.R. § 315.802(b). Alternatively, an individual can show that, while he may be a probationer, he is an "employee" with chapter 75 appeals rights because, immediately preceding the adverse action at issue, he had completed at least 2 years of current continuous service without a break in Federal civilian employment of a workday. *Hurston*, 113 M.S.P.R. 34, ¶ 9.

On review, the agency argues that the appellant did not meet his burden of establishing that he was an "employee" because his removal on February 26, 2021, occurred less than a year after his appointment to the Materials Expeditor position on June 7, 2020. PFR File, Tab 1 at 13. It also asserts that although the appellant's prior service with the agency as a Materials Handler immediately preceded his June 2020 appointment without a break in service, he is unable to tack on this service because the "positions are materially different and cannot be considered to be in the same line of work." *Id.* at 13-14. However, it is unclear whether the appellant, albeit a probationer, could meet the definition of an employee because he completed at least 2 years of current continuous service without a break in Federal civilian employment of a workday.

Generally, an appellant has the burden of proving by preponderant evidence that the Board has jurisdiction over his appeal, 5 C.F.R. § 1201.56(b)(2)(i)(A). However, an appellant must receive explicit information on what is required to

Act for Fiscal Year 2022, enacted on December 27, 2021, repealed 10 U.S.C. § 1599e and the 2-year probationary period, effective December 31, 2022. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950.

establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Based on our review of the record, we find that the appellant did not receive explicit information regarding the jurisdictional standard to show that he qualifies as an "employee" with appeal rights under 5 U.S.C. Chapter 75.[3] IAF, Tabs 2, 12, 27. Further, because the agency did not dispute jurisdiction below, it deprived the appellant of the opportunity to submit evidence and argument below in support of finding that he was an "employee." It also denied the administrative judge the ability to develop the record and assess the relevant information concerning this significant issue.

We therefore find, in light of the evidence and argument submitted by the agency, that this case should be remanded to allow the appellant to establish that he is an "employee" as defined by chapter 75. On remand, the administrative judge shall allow the parties to present additional evidence and argument relating to the jurisdictional issue. If, on remand, the administrative judge finds that the appellant has not established that he is an "employee" with chapter 75 appeal rights, he shall issue a new initial decision dismissing the appeal for lack of jurisdiction. If, however, he finds that the appellant is an "employee" and the Board has jurisdiction over this appeal, the administrative judge may reiterate his findings on the merits of the appellant's removal in the new initial decision.

---

[3] After the agency submitted its file, wherein it initially indicated that the appellant was a chapter 75 employee, IAF, Tab 7 at 7, the appeal was reassigned to another administrative judge, Tab 10. The appellant's initial appeal also specifies that he had over 14 years of service. IAF, Tab 1 at 1. Thus, it may not have been clear that this jurisdictional issue needed to be addressed. Nevertheless, the agency's apparent concession of jurisdiction may not be dispositive. *See Waldrop v. U.S. Postal Service*, 72 M.S.P.R. 12, 15 (1996) (stating the Board, as a limited-jurisdiction tribunal, must satisfy itself that it has authority to adjudicate the matter before it, and may raise the question of its own jurisdiction sua sponte at any time).

**ORDER**

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        *Gina K. Grippando*

                                      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.